**FILED**

**OCT 19 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-255 (HHK) |
| | : | MAGISTRATE NO. 07-323M |
| v. | : | |
| | : | |
| DAVID E. MCINTOSH | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant David E. McIntosh (hereinafter "MCINTOSH"), with the concurrence of his attorney, Carlos Vanegas., agree and stipulate as follows:

1. The defendant is charged by Information with one count of Bank Fraud, pursuant to Title 18, United States Code, Section 1344 and Section 2 (Aiding and Abetting)

2. MCINTOSH was hired as a temporary employee at Applied Technology Systems Inc. in Arlington, Virginia (hereinafter "Applied Technology"), from approximately April 18, 2005, to approximately mid-August of 2005, as an Accounts Payable Clerk. MCINTOSH's job duties included filing, data processing and assistance with accounts payable.

3. In approximately the middle of August of 2005, MCINTOSH resigned from Applied Technology with one day's notice.

4. Several weeks after MCINTOSH's departure, a bank reconciliation conducted by the Chief Financial Officer (hereinafter "CFO") for Applied Technology revealed four Applied Technology checks out of sequence.

5. An investigation by the Accounting Department Controller for Applied Technology revealed four checks were stolen and fraudulently processed with the forged signature of the CFO, who was the authorizing official, for a loss of $96,229.03. The following four checks were determined to be stolen: Check #6281, made payable to a company in California (hereinafter "California company") in the amount of $43,200.27; Check # 6282, made payable to the California company in the amount of $48,728.52; check number #6285, made payable to an individual (hereinafter "subject #1") in the amount of $3,000.12; and check #6415 made payable to an individual (hereinafter "subject #2") in the amount of $1,500.12.

6. The stolen checks were drawn on the account of Applied Technology at Sky Bank. Sky Bank is Headquartered in Bowling Green, Ohio. It has incurred an approximately $96,000 loss as a result of this fraud. Sky Bank, at all relevant times, was a financial institution with accounts insured by the Federal Deposit Insurance Corporation.

7. Subject #1 met MCINTOSH while attending Howard University in Washington, D.C. Subject #1 recalled MCINTOSH asking him/her to cash a check for McIntosh from work, as a favor. MCINTOSH provided the check to subject #1 the next day. Subject #1 deposited the check which was made payable to him/her in the amount of $3,000.12, into his/her bank account. Subject #1 said s/he then wrote MCINTOSH a check for $3,000 from his/her bank checking account.

8. A review of subject #1's Bank of America account revealed check number 6285, drawn on Applied Technology made payable for $3,000.12, was deposited into the account on approximately August 2, 2005, at the Georgia Avenue Branch in Washington, D.C.

9. Further review of the subject #1's bank account revealed on August 5, 2005, check number 1033, made payable to MCINTOSH, was drawn on the account for $3,000.00.

2

10. A review of MCINTOSH's Industrial Bank account in Washington, D.C., revealed check number 1033, for $3,000.00, made payable to MCINTOSH was deposited into the account on August 4, 2005, at the Northeast Branch in Washington, D.C.

11. With regard to subject #2, MCINTOSH asked him/her to cash a check in the amount of $1,500.12 for subject #2 in approximately August of 2005. Subject #2 recalled the check was made out to him/her. When subject #2 asked MCINTOSH why the check was made out to him/her, MCINTOSH instructed subject #2 not to worry about it. After depositing the check in his/her account in Miami, Florida, subject #2 provided MCINTOSH his/her ATM number which he used to withdraw the money from subject #2's account.

12. A review of subject #2's bank account revealed on approximately August 23, 2005, a deposit of $1,500.00.

13. MCINTOSH admitted to law enforcement agents that he stole all four blank checks from Applied Technology while working at the company. MCINTOSH said he filled in two of the blank stolen checks on a typewriter at Howard University in the presence of an individual (hereinafter "subject #3") who was a friend of subject #1: one made out to subject #1 in the amount of $3,000.12, and the other made out to subject #2 in the amount of $1,500.12. MCINTOSH gave the other two blank stolen checks to subject #3.

14. A review of the California company bank account (*see* paragraph 5 above) revealed on or about August 16, 2005, check number 6282, drawn on Applied Technology, for $48,728.52, and on or about August 18, 2005, check number 6281, drawn on Applied Technology, for $43,000.27 were deposited into the California company's Bank of America accounts at the branches,

respectively, on Georgia Avenue in Washington, D.C., and on Riverdale Road, in Riverdale, Maryland.

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR
                                                United States Attorney
                                                for the District of Columbia
                                                D.C. Bar No. 498610

By: _____
                                                DANIEL P. BUTLER
                                                Assistant United States Attorney
                                                D.C. Bar No. 417718
                                                555 4th Street, N.W., Room 5231
                                                Washington, D.C. 20530
                                                (202) 353-9431
                                                Daniel.Butler@USDOJ.Gov

## DEFENDANT'S ACCEPTANCE

      I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, Mr. Carlos Vanegas, I agree and stipulate to this Statement of Offense.

Date: 10/19/07                                        _____
                                                          David E. McIntosh
                                                          Defendant

      I have discussed this Statement of Offense with my client, Mr. David E. McIntosh. I concur with his decision to stipulate to this Statement of Offense.

Date: 10/19/07                                        _____
                                                          Mr. Carlos Vanegas
                                                          Attorney for Defendant David E. McIntosh