UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) Crim. No. 07-255(HHK) |
| v. | ) ) |
| DAVID McINTOSH | ) ) ) ) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

David McIntosh, through undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing.

**Procedural History**

Mr. McIntosh will appear before the Court on Friday, April 4, 2008 for his sentencing hearing. On October 19, 2007, Mr. McIntosh entered a guilty plea to a one count information that charged him with Bank Fraud in violation of 18 U.S.C. § 1344. Pursuant to the conviction Mr. McIntosh faces a maximum sentence of thirty years of incarceration, followed by a term of supervised release of not more than five years, a maximum fine of one million dollars and a $100.00 dollar special assessment.

Probation Officer Linsey Epson, calculated a sentencing range of 12-18 months of incarceration pursuant to the advisory United States Sentencing Guidelines. The range is based on a Base Offense level 13 and a Criminal History Category I.

## ARGUMENT IN SUPPORT FOR A SENTENCE OF PROBATION

**Personal History and Background**

Mr. McIntosh is before the Court facing his first criminal conviction. In fact, prior to the instant offense Mr. McIntosh had never been arrested or charged with any criminal act. The instant offense is anomalous in an otherwise exemplary life of law abiding conduct. His appearance in a sentencing hearing will be an errant departure from the principles and values that he has followed throughout his young but productive life and that were instilled by his hardworking parents.

There is no simple or defensible explanation for Mr. McIntosh's conduct. Prior to his theft of the four checks and subsequent check fraud there is nothing in his personal background to suggest that he would steal from his employer and allow others to do likewise. Noteworthy, is that Mr. McIntosh's actual criminal conduct, in terms of how much he embezzled is a paltry sum in comparison to the amounts the other individual(s) fraudulently transacted. While, Mr. McIntosh illegally obtained $4,500.12, the other person(s) embezzled $91,928.79 dollars.

There is no dispute that Mr. McIntosh's theft of the checks paved the way for the greater theft. Unfortunately, he stands to be punished, by way of relevant conduct, as though he actually transacted two checks that amounted to a $96,229.03 loss to Applied Technology Systems. While Mr. McIntosh stands to be punished, and rightly so, the other individuals who garnered a substantial windfall, have thus far avoided prosecution.

Although he has brought about a great deal of shame to himself, Mr. McIntosh has the capacity to put his life back together. An important step in turning his life around was his resolve to plea guilty to his wrongful conduct. His decision was based on the simple fact that he

abused his employer's trust by stealing checks and later depositing them for substantial amounts. Mr. McIntosh never thought of challenging the allegation since it would have been misleading and dishonest to do so. He recognized that it was his dishonesty that resulted in his legal predicament.

Mr. McIntosh wants to prove to the Court, to his family, and the government that he can contribute to his community and live out the remainder of his adult life in a lawful manner. Mr. McIntosh is asking the Court for leniency so that he may find employment, pay back the money that he owes and complete the rehabilitation process. As a first time criminal offender Mr. McIntosh wants the opportunity to demonstrate a commitment to responsible and law abiding behavior. On account of the totality and circumstance of his life and pursuant to the applicable sentencing statutes, Mr. McIntosh respectfully requests that the Court sentence him to a period of probation.

A.  **PURSUANT TO 18 U.S.C. § 3553(a), 18 U.S.C. § 3582, 18 U.S.C. § 3562 AND 28 U.S.C. § 991(b)(1)(B) THE COURT HAS AUTHORITY TO SENTENCE MR. McINTOSH TO A TERM OF PROBATION**

In United States v. Booker, the Supreme Court held that the mandatory sentencing guidelines were unconstitutional as applied. 125 S. Ct. 738 (2005) The Court further held that judges are required to "take account of the Guidelines together with other sentencing factors," and to "consider" the guidelines along with all the other required factors (emphasis added). The Court is not bound by the guideline range and there is no requirement that a sentence be within the guideline range. The guideline range is just one factor to be considered along with the mandatory statutory factors delineated in 18 U.S.C. § 3553(a).

Those factors include, among others, the nature of the offense, the defendant's history,

3

the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants. U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover, Sentencing Courts have a continuing duty to "[w]eigh the purposes of sentencing listed in the Sentencing Reform Act." U.S. v. Jabber 362 F.Supp.2d 365, 369 (D. Mass. 2005).

The primary purpose of the sentencing statute, 18 U.S.C. 3553(a), is for the sentencing court to impose a sufficient sentence, but not one that is greater than necessary. 18 U.S.C. § 3553(a) allows the Court to take into account the particularized factors of Mr. McIntosh's life and not just the fact of his criminal conduct. This approach is consistent with the goals of 28 U.S.C § 991, the enabling statute of the Sentencing Commission. The enabling statute and the sentencing statue contemplate a flexible and particularized approach to sentencing determinations.

28 U.S.C. § 991(b)(1)(B) provides Sentencing Courts with discretion to "maint[ain] sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices." Application of 18 U.S.C. § 3553(a) along with the flexibility encouraged by 28 U.S.C. § 991(b)(1)(B) strongly suggests that a sentence of probation accomplishes the goals of the two statutes.

**The Nature and Circumstances of the Offense**

Mr. McIntosh's nonviolent criminal conduct took place when he was barely twenty-two years old. The commission of the crime took place not long after Mr. McIntosh received his

Associates Degree in accounting. After obtaining his degree Mr. McIntosh accepted the temporary position as an accounts payable clerk. His employment with Applied Technology Systems was supposed to be the beginning of a professional career that he had diligently prepared for. As an employee of Applied Technology Systems, Mr. McIntosh was well on his way to gaining practical and valuable experience in the field that he had chosen. The latter makes Mr. McIntosh's criminal conduct all the more confounding and surprising. To his credit, once he was confronted with his criminal conduct, the theft and misuse of the checks, Mr. McIntosh did not deny his criminal responsibility nor minimized his conduct.

### History and Characteristics of Mr. McIntosh

Before his involvement in the instant offense, Mr. McIntosh had been a law abiding, motivated and capable person. As a child, Mr. McIntosh was raised and nurtured in a loving family environment. From his parents he learned the values of education and personal responsibility. As he grew up, Mr. McIntosh practiced those values and succeeded in school. Although, he hasn't been consistently employed, Mr. McIntosh has been employed at various times while residing in the United States. The different jobs he's held suggest a willingness to undertake any task to support himself. Currently, Mr. McIntosh is running a small car wash service in Miami. Mr. McIntosh's efforts to lead a productive life, extends professionally and personally. At this point Mr. McIntosh is prepared to restart and return his life to the good citizenship that had been his hallmark before he made the ill-fated decision to steal from his employer.

### The Sentence should reflect the Seriousness of the Offense

Mr. McIntosh recognizes that the Court must impose a sentence that reflects the

seriousness of the offense, promotes respect for the law, and provides just punishment. While the sentence must provide deterrence and protect the public, it must also provide Mr. McIntosh with educational and vocational training and medical care. In balancing all of the purposes of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2)[§ 3553]." See 18 U.S.C. § 3553(a).

A sentence that places Mr. McIntosh on community supervision and restricts him to home confinement would be more than adequate to meet the sentencing purposes set forth in 18 U.S.C. § 3553(2)(a). The felony conviction will have employment and voting consequences for the rest of his life. A potentially more immediate concern may be the impact of the felony conviction on his immigration status in the United States. If the Court were to sentence him to probation, Mr. McIntosh will be require to make a full and sustained commitment to responsible behavior.

**The sentence should afford adequate deterrence to criminal conduct**

A sentence of probation will more than adequately protect the public and achieve adequate deterrence for the following reasons. First, Mr. McIntosh is a first time offender who throughout his life has demonstrated sound decision making skills. Probation will subject Mr. McIntosh to a strict supervision regimen which will include reporting to a probation officer, submitting monthly financial reports, and mandatory restitution payments. Furthermore, he will be required to report any change in his residence, employment and travel outside of the metropolitan area.

Mr. McIntosh has been shamed by his conduct. Knowing that he will be forever branded

as a convicted felon has been a very sobering. He knows that he has disappointed his family, who prior to 2005, had everything reason to believe that he was going to have a solid financial career. The felony conviction will automatically preclude Mr. McIntosh from being hired for a financial position of trust. It is doubtful that any finance or business oriented company would consider hiring him.

His obligation to pay $96,229.03 dollars in restitution requires significant responsibility, planning and commitment to lead a modest life. All of these factors will weigh heavy in his everyday life. By no means would this structure of obligations and responsibilities be a mere slap on the wrist. It is safe to assume that recidivism for Mr. McIntosh is unlikely and the requirements of probation should adequately protect the public.

**The sentence should provide the most effective rehabilitation treatment**

A sentence of probation would most effectively result in Mr. McIntosh's rehabilitation. Mr. McIntosh has not exhibited any addictive, violent or any deceitful conduct beyond the instant offense, thereby requiring substantial rehabilitation. With a verified work history and an Associates Degree, Mr. McIntosh has marketable skill. Mr. McIntosh's history, the content of his person and the respect that he has shown for the law, and the authorities during the pendency of his case support community based rehabilitation.

A sentence of probation, which includes mandatory restitution, community service and home confinement, along with the life long consequences of a felony conviction can be "just punishment" when the Court considers 18 U.S.C.§3582(a). In pertinent part 18 U.S.C. § 3582 (a) states

"The Court, in determining whether to impose a term of imprisonment, and if a term of

imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) **to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation**" (emphasis added)

**CONCLUSION**

Mr. McIntosh is a decent and well meaning young man who made a series of terrible decisions. Those decisions have cost him dearly. Mr. McIntosh's felony conviction will have consequences for the remainder of his life. However, the totality of Mr. McIntosh's character and background strongly suggests that it's unlikely that he will re-engage in any criminal conduct.

Mr. McIntosh wants the opportunity to demonstrate that he can lead an exemplary life that is characterized by honesty, hard work and responsibility to his family and community. For these reasons undersigned counsel requests that the Court sentence Mr. McIntosh to a period of probation and that he serve the first six months under electronic home monitoring.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500