UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07-255 (HHK) |
| | : | |
| v. | : | |
| | : | |
| **DAVID E. MCINTOSH,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MEMORANDUM IN AID OF SENTENCING (DKT. NO. 13)

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this response to the memorandum in aid of sentencing filed by defendant David E. McIntosh. Dkt. No. 13. Defendant pled guilty to bank fraud relative to his involvement in stealing and the subsequent cashing of four company checks totaling approximately $96,229.03. As was discussed in the government's memorandum in aid of sentencing, Dkt. No. 12, the government requests that the Court imposes a sentence within the applicable Sentencing Guidelines range of 12-18 months in Zone D, but defers to the Court as to the sentence length and any applicable fine, but requests that defendant be ordered to make restitution for the loss in this matter. Defendant, in his memorandum in aid of sentencing, on the other hand, requested a sentence outside of the sentencing guidelines, that is, a sentence of probation. Dkt. No. 13 at 2. For the reasons discussed below, the government opposes defendant's request for a probationary sentence.

### I. Discussion

Although defense counsel collected the facts and arguments he could from the situation in front of him, and argued well on behalf of his client, defendant is not a good candidate for probation. As noted in the Presentence Investigation Report ("PSR"), at p. 3, ¶¶ 5-6, and the Supervision

Summary Report dated April 2, 2008, since defendant's release in this case on August 7, 2007, defendant's compliance with supervision has been unsatisfactory and he has been in violation of his conditions of release. As noted in that two reports, defendant consistently tested positive for illegal drug use, failed to submit drug tests, failed to report for a drug treatment assessment, failed to report for drug treatment on three occasions, representing on two occasions that he was late but would show-up for such treatment but then failed to arrive at that location for treatment, was in loss of contact status with Pretrial Services from November 14, 2007 to January 30, 2008, and failed to report by phone with Pretrial Services on other occasions. See Presentence Investigation Report ("PSR"), at p. 3, ¶¶ 5-6; Supervision Summary Report, April 2, 2008. Furthermore, defendant apparently has been in this country illegally from his home country of Jamaica since September of 2005. PSR, at p. 7, ¶ 35. September of 2005 was the month after the criminal conduct as to which defendant has pled guilty. See PSR, at p. 3, ¶ 2. Finally, although defendant was given the chance to voluntarily resolve this matter in discussions with the government, and the government directed him to the Federal Public Defender's Office to obtain an attorney, which he did, defendant chose not to talk with the prosecutor about this matter. Instead, defendant was thereafter brought before the Court in this matter only by way of an arrest warrant executed in the Southern District of Florida. See PSR, at p. 1 (Release Status). It was only then that there were discussions by defendant with the government about a possible guilty plea.

      Defense counsel also argues in an apparent attempt at mitigation that defendant did not cash the two larger checks in this matter. Dkt. No. 13 at 2. The government is not actually sure who cashed those checks. But for defendant's actions, however, those checks would never have been available to the individual who wrongfully cashed them. As noted in the government's sentencing

memorandum, the government has met with defendant to try to determine the truth as to the cashing of those two larger checks, but without success. Dkt. No. 12 at 5-6.

Defense counsel also argues that defendant is a hard-working, productive individual. Dkt. No. 13 at 2, 5. The PSR, however, paints a somewhat different picture. Defendant has a spotty work record, see PSR, at p. 9, ¶¶ 45-51, and lives with a girlfriend who works and pays the rent for the apartment which the two share. PSR, at p. 7, ¶¶ 33-34.

## II. Conclusion

For the foregoing reasons, as well as those set forth in its initial sentencing memorandum, the United States respectfully requests that the Court impose a sentence within the applicable Sentencing Guidelines range of 12 to 18 months in Zone D, but defers to the Court where within that range, and requests that the Court Order defendant to make restitution.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610


By:   / s / *Daniel P. Butler*
―――――――――――――――――――――
DANIEL P. BUTLER
D.C. Bar #417718
Assistant U.S. Attorney
555 4th Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@usdoj.gov